IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **LANE B. RAVEY,** § | | |
| **(TDCJ No. 02146893),** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | Civil Action No. 7:22-cv-056-M-BP | |
| § | | |
| **BRYAN COLLIER, Executive Director,** § | | |
| **TDCJ,** *et al.*, § | | |
| § | | |
| **Defendants.** § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendant Bryan Collier's Motion to Dismiss with Brief in Support (ECF Nos. 11, 12) and Plaintiff's Response to Defendant's Motion to Dismiss (ECF No. 18). After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Barbara M. G. Lynn **GRANT** the Motion and **DISMISS** Plaintiff's claim against Defendant Collier **with prejudice**.

**I.    BACKGROUND**

Plaintiff Lane Ravey ("Ravey") is an inmate confined at the Texas Department of Criminal Justice ("TDCJ") Allred Unit in Iowa Park, Texas. ECF No. 1 at 1. Ravey filed suit against Defendant Bryan Collier ("Collier"), in his capacity as Executive Director of TDCJ, and others on June 16, 2022. *Id*. at 1, 3. Ravey alleges that TDCJ officers at the Allred Unit used excessive force against him in violation of the Eight Amendment, and that Collier is liable for this constitutional violation as the TDCJ's policymaker. *Id*. at 3-4.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).

When dealing with a *pro se* party, courts are to liberally construe the pleadings, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which

2

can support a cause of action under [the] complaint." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### B. Qualified Immunity

"Qualified immunity shields government officials performing discretionary functions from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (citing *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)). "[T]he immunity issue must be resolved at the earliest possible stage of the litigation since it entails an entitlement to immunity from suit and not merely a defense to liability." *Id.* (citing *Hunter v. Bryant*, 502 U.S. 224, 226 (1991)). Qualified immunity can be decided at the motion to dismiss stage as it is the earliest possible stage in litigation. *Carswell v. Camp*, 37 F.4th 1062, 1068 (5th Cir. 2022).

To overcome the defense of qualified immunity, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citations omitted). A good-faith assertion of qualified immunity alters the usual burden of proof, shifting it to the plaintiff to show that the defense is not available. *Ratliff v. Aransas Cnty.*, 948 F.3d 281, 287 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 376 (2020).

### C. Dismissal With or Without Prejudice

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). As a result, courts generally allow plaintiffs at least one opportunity to amend. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (2002). Nonetheless, courts may appropriately dismiss an action with prejudice if a court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188

F.3d 322, 327 (5th Cir. 1999). Likewise, a court may dismiss a complaint with prejudice, thus foreclosing the plaintiff's opportunity to amend, whenever amendment of the pleadings would be futile. *Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016).

### III. ANALYSIS

#### A. Ravey has not pleaded that Collier violated a clearly established constitutional right.

Ravey's allegations against Collier rest on Collier's position as Executive Director of TDCJ. ECF No. 1 at 3. Collier's liability, therefore, is predicated on his supervisorial role and perceived complacency in allowing the alleged unconstitutional restraint to occur. *Id.*; ECF No. 7 at 3. In response, Collier moved to dismiss Ravey's claims and asserted a qualified immunity defense. ECF No. 11 at 3. Thus, the burden shifts to Ravey to show that Collier violated a clearly established constitutional right. *Ratliff*, 948 F.3d at 287.

To state a plausible claim under 42 U.S.C. § 1983, Ravey must allege facts showing "two vital elements: (1) that he has been deprived of a right 'secured by the Constitution and the laws' of the United States; and (2) that the persons depriving him of this right acted 'under color of any statute' of the State of Texas." *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988) (quoting § 1983).

Plaintiff must plead the defendant's personal involvement to show the second element of a § 1983 claim. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *Creekmore v. Att'y Gen. of Tex.*, 341 F. Supp. 2d 648, 659 (E.D. Tex. 2004) (citing *Thompson*, 709 F.2d at 382) (analyzing "personal involvement" under the second element). To sufficiently plead that Collier violated his Eight Amendment Rights, Ravey must first establish a causal connection between the alleged constitutional deprivation and Collier's actions. *Thompson*, 709 F.2d at 382. Personal involvement is an essential element of any civil rights cause of action. *Id.* Ravey cannot establish liability under

4

the theory of respondeat superior. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Instead, to plead liability on a claim under 42 U.S.C. § 1983, he must show that the supervisor affirmatively participated in the acts that caused the alleged constitutional deprivation or implemented an unconstitutional policy that causally resulted in the plaintiff's injury. *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992).

Ravey did not plead facts demonstrating that Collier deprived him of a constitutional right as he does not state how Collier was personally involved in the assault. *See generally* ECF Nos. 1, 7, 18. Alleging that Collier "oversees the training of the corrections officer" or is responsible for "making [sure] that [the] guidelines, laws, and safe prison professional standards are . . . followed on a day to day basis" is not enough to show that Collier participated in the constitutional deprivation. ECF No. 18 at 1; *See Creekmore*, 341 F. Supp. 2d at 659.

Supervisory liability also can exist without overt personal participation in the offensive act if the supervisory official implemented a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir. 1985). The supervisor must have known that the jail's system was so deficient as to expose prisoners to a substantial risk of an unconstitutional harm but he "failed to properly attempt to correct the unconstitutional harm." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Moreover, the supervisor's failure to correct the harm must have caused the prisoner's injuries. *Id*. A one-time failure of the system is not enough to suggest that the policy maker implemented an unconstitutional policy. *Id*.; *O'Quinn v. Manuel*, 773 F.2d 605, 610 (5th Cir. 1985) (holding that a constitutionally deficient policy cannot be inferred from a single wrongful act).

Ravey states that Collier "has established policy procedures of official behavior and standards [at the TDCJ]," that "the officers' acts and behavior are a reflection of [Collier's] leadership," and that "[Collier] should be aware of this behavior." ECF No. 7 at 3. However, he has not alleged any facts with sufficient specificity to show that Collier had actual knowledge that the officers were unconstitutionally restraining prisoners. Additionally, he has not properly pleaded that the alleged unconstitutional restraint was not a one-time failure. Thus, the facts that Ravey has pleaded are not sufficient to establish that Collier implemented an unconstitutional policy permitting officers to assault a prisoner who is compliant and in restraints.

Qualified immunity shields Collier because Ravey cannot establish a causal connection between the alleged constitutional violation and Collier's actions. Collier was not present during the alleged unconstitutional act, and Ravey has not pleaded any policy that Collier established that led to an unconstitutional act. Accordingly, Ravey has not pleaded facts to overcome Collier's qualified immunity defense.

**B.  The Court should dismiss Ravey's claims against Collier with prejudice because Ravey has pleaded his best case given the facts alleged.**

The Fifth Circuit has long recognized that "[g]enerally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). But this rule is not absolute, as the Court explained in *Jacquez v. R. K. Procunier*:

> If the protections afforded public officials are not to ring hollow, plaintiffs cannot be allowed to continue to amend or supplement their pleading until they stumble upon a formula that carries them over the threshold. Such a protracted process is likely to disrupt public officials from their duties.... At some point a court must decide that a plaintiff has had a fair opportunity to make his case; if, after that time, a cause has not been established, the court should finally dismiss the suit.

6

801 F.2d 789, 792 (5th Cir. 1986). The Court gave Ravey an opportunity to amend his complaint by providing him with a questionnaire. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) (answers to a questionnaire act as an amendment to pro se plaintiff's complaint). The questionnaire asked Ravey specific questions regarding the alleged unconstitutional act, giving him a fair opportunity to make his best case. ECF No. 7. After receiving Ravey's answers, the undersigned liberally construed his Complaint and Questionnaire Answers in evaluating his claim.

The facts in Ravey's pleadings do not give rise to any possible plausible claim against Collier, and the Court would not err in dismissing those claims with prejudice. *Id*.; *Bazrowx*, 136 F.3d at 1054. Indeed, dismissal with prejudice would be preferable as it would allow the protections afforded to officials like Collier "not to ring hollow." *Jacquez*, 801 F.2d at 792. The undersigned can "perceive of no viable claim [Ravey] could include in an amended petition with regard to these underlying facts," and any additional amendments would prove futile. Judge Lynn therefore should dismiss Ravey's case against Collier with prejudice. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

**IV.    CONCLUSION**

Because Ravey has not sufficiently pleaded that Defendant Collier either participated in the alleged unconstitutional acts or implemented an unconstitutional policy, the undersigned **RECOMMENDS** that United States District Judge Barbara M. G. Lynn **GRANT** Collier's Motion to Dismiss (ECF No. 11) and **DISMISS with prejudice** Ravey's claims against Defendant Collier.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions,

and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      **SIGNED** on February 14, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE