IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| LANE B. RAVEY, <br> (TDCJ No. 02146893), <br> <br> Plaintiff, <br> <br> v. <br> <br> BRYAN COLLIER, Executive Director, TDCJ, *et al.*, <br> <br> Defendants. | § § § § § § § § § § § § § | Civil Action No. 7:22-cv-056-M-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion for Partial Summary Judgment filed by Defendants Feazell, Schiwart, and Watson ("the Defendants"). ECF No. 32. Plaintiff Lane Ravey ("Ravey") did not respond to the Motion. After considering the Motion, summary judgment evidence, and applicable legal authorities, the undersigned **RECOMMENDS** that Senior United States District Judge Barbara M. G. Lynn **GRANT** the Motion, **DISMISS without prejudice** Ravey's claims against the Defendants in their official capacity, and **DISMISS with prejudice** his claims against Feazell in his individual capacity.

**I.     BACKGROUND**

Ravey is an inmate confined at the Price Daniel Unit of the Texas Department of Criminal Justice ("TDCJ") in Snyder, Texas. *See Inmate Information Details: Ravey, Lane Braden*, TEX. DEP'T OF CRIM. JUST., https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=07554993 (last visited March 12, 2024). At the time of the incident at issue, Ravey was incarcerated at the Allred Unit in Iowa Park, Texas. ECF No. 1 at 1. Ravey alleges that TDCJ employees at the Allred Unit used excessive force against him in violation of the Eighth Amendment of the

Constitution *Id*. at 3-4. He also alleges that Assistant Warden Michael Feazell ("Feazell") was present during the use of excessive force but did not do enough to prevent, and remedy, the consequences of such force. ECF No. 7 at 7. Ravey alleges that Feazell coordinated with the other defendants to block the camera's view of Schiwart when he punched and kicked Ravey. ECF No. 1 at 7-8. Ravey asserts that he required expedited surgery for a hernia caused by the use of force. ECF No. 1 at 20, 7 at 6.

Liberally construed, Ravey's pleadings assert claims under the Eighth Amendment through 42 U.S.C. § 1983 against Schiwart and Watson for excessive force and against Feazell for failure to protect him from a serious risk of harm and for deliberate indifference to his serious medical needs. ECF No. 7 at 7, ECF No. 9. Each of the Defendants moves for summary judgment on Ravey's claims against them in their official capacity to the extent that he requests monetary relief. ECF No. 32 at 2. Schiwart and Watson do not request summary judgment on his excessive force claim against them in their individual capacity because genuine issues of material fact exist on that claim. *Id*. at 1 n.1.

Feazell seeks summary judgment on Ravey's claims against him in his individual capacity on three grounds. First, he argues that Ravey cannot state a claim against him for deliberate indifference to serious medical needs under 42 U.S.C. § 1983 because "Ravey cannot establish, other than his unsupported statements, that Feazell was even in the area when the alleged events took place" and "Ravey does not allege Feazell's subjective awareness sufficient[ly] to implicate the Eighth Amendment deliberate indifference standard." ECF No. 32 at 15. Alternatively, Feazell argues for summary judgment on this issue because "the medical records and use of force video reflect assessment and treatment of Ravey's complaints." *Id*. at 14.

2

Second, Feazell argues that Ravey cannot state a claim for deliberate indifference to a serious risk of harm because "Feazell was not even involved in the use of force." *Id*. at 17. Alternatively, Feazell argues that even if he was in the area of the incident at issue, "Ravey's assertion that Feazell did nothing to intervene is insufficient to state a claim of deliberate indifference" to a serious risk of harm because "[a]t that moment, TDCJ officials were within their rights to use force to maintain control of the situation." *Id*. Feazell also emphasizes that "the initiation of [Incident Command System] and Nurse Addison's examination of Ravey negate any implication that Feazell knew of a serious risk of harm and disregarded that risk." *Id*. at 18.

Third, Feazell argues that Ravey cannot overcome his entitlement to qualified immunity because has not shown that he violated Ravey's constitutional rights. *Id.* at 19. Furthermore, Feazell argues that "Ravey can point to no clearly established law holding a warden liable for ordering medical assessments in response to an alleged use of force incident." *Id*. at 20.

Because Ravey cannot recover on claims for monetary relief against the Defendants in their official capacity, Judge Lynn should enter summary judgment in Defendants' favor on Ravey's claims against them in their official capacity. As there is no genuine issue of material fact on Ravey's claims against Feazell in his individual capacity, Judge Lynn should grant summary judgment on those claims and dismiss them.

**II.     LEGAL STANDARDS**

    **A.     Summary Judgment**

Under Federal Rule of Civil Procedure 56, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Slaughter v. S. Talc. Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine "if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue is 'material' if it involves a fact that might affect the outcome of the suit under the governing law." *Burgos v. Sw. Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)).

When a movant carries its initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment would be improper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Merely colorable evidence or evidence not significantly probative will not defeat a properly supported motion. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Id.* at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

The Court views summary judgment evidence in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). Additionally, it resolves factual controversies in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In considering the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, the Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The Court grants the motion only if the movant meets its burden and the nonmovant fails to make the requisite showing of a genuine issue of material fact. Fed. R. Civ. P. 56; *Duckett*, 950 F.2d at 276.

When a party fails to respond to a motion for summary judgment, the Court may not automatically grant the motion because the opponent defaulted by not responding. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). However, in such a case, the Court may accept the movant's facts offered in support of summary judgment as undisputed. *Eversley v. MBank Dall.*, 843 F.2d 172, 173-74 (5th Cir. 1988).

### B. Qualified Immunity

"Qualified immunity shields government officials performing discretionary functions from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (citing *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)). "[T]he immunity issue must be resolved at the earliest possible stage of the litigation since it entails an entitlement to immunity from suit and not merely a defense to liability." *Id.* (citing *Hunter v. Bryant*, 502 U.S. 224, 226 (1991)). Qualified immunity can be decided at the motion to dismiss stage as it is the earliest possible stage in litigation. *Carswell v. Camp*, 37 F.4th 1062, 1068 (5th Cir. 2022).

To overcome the defense of qualified immunity, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the

time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citations omitted). A good-faith assertion of qualified immunity alters the usual burden of proof, shifting it to the plaintiff to show that the defense is not available. *Ratliff v. Aransas Cnty.*, 948 F.3d 281, 287 (5th Cir. 2020), *cert. denied*, 141 S.Ct. 376 (2020).

### C. Deliberate Indifference to Serious Medical Needs

The law requires the government to provide medical care for incarcerated persons. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976). Further, the Fourteenth Amendment guarantees arrestees the right "not to have their serious medical needs met with deliberate indifference on the part of the confining officials." *Thompson v. Upshur Cnty.*, 245 F.3d 447, 457 (5th Cir. 2001) (citing, among others, *Estelle,* 429 U.S. at 103). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006). "To succeed on a deliberate indifference claim, plaintiffs must show that (1) the official was 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' and (2) the official actually drew that inference." *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020) (quoting *Domino*, 239 F.3d at 755). Under this test, a prison official acts with deliberate indifference only "if he knows that inmates face a substantial risk of serious bodily harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994); *see Gobert,* 463 F.3d at 346.

The Fifth Circuit consistently has held that "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (citing *Hare v. City of Corinth*, 74 F.3d 633, 645); *see also,*

*e.g.*, *Delaughter v. Woodall*, 909 F.3d 130, 136 (5th Cir. 2018); *Gobert,* 463 F.3d at 346 (explaining that "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference") (citations omitted). Thus, "an official's failure to alleviate a significant risk that he should have perceived but did not" cannot amount to deliberate indifference. *Farmer*, 511 U.S. at 838.

        D.      **Deliberate Indifference to a Serious Risk of Harm**

"To establish a failure-to-protect claim under § 1983, [the plaintiff] must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). To show deliberate indifference, the prisoner must offer evidence that the defendant "was aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn" and "actually drew" such an inference. *Umondak v. Ginsel*, 426 F. App'x 267, 269 (5th Cir. 2011) (citing *Farmer*, 511 U.S. at 847). "In a case alleging deliberate indifference to a serious risk of harm, a plaintiff must offer evidence that each defendant was personally aware that the plaintiff faced a substantial risk of serious harm, and that each defendant disregarded that risk by personally failing to take reasonable measures to abate it." *Qadir v. Eason*, No. 1:01-CV-167-C, 2003 WL 21501773, at *9 (N.D. Tex. June 25, 2003) (citing *Farmer*, 511 U.S. at 847). Courts accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Block v. Rutherford*, 468 U.S. 576, 585 (1984) (internal quotation marks omitted).

### III.   ANALYSIS

**A.   The Defendants are entitled to Eleventh Amendment immunity on Ravey's claims against them in their official capacity for monetary damages.**

Ravey has made it clear that he is suing the Defendants in their individual capacity by writing, "I wish to sue all defendants in their individual capacity," in large letters at the top of his Amended Complaint. ECF No. 7 at 2. However, it is unclear whether he also seeks to recover monetary damages from them in their official capacity. To the extent Ravey seeks monetary damages from them in their official capacity, the Eleventh Amendment bars those claims in federal court. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Because a claim against the Defendants in their official capacity is in effect a claim against the state itself, for which it has sovereign immunity, the Court should dismiss Ravey's claims for monetary relief against the Defendants in their official capacity without prejudice. *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996).

**B.   Ravey has not offered summary judgment evidence to prove that Feazell violated a clearly established constitutional right.**

To maintain a claim against Feazell under 42 U.S.C. § 1983, Ravey must show "two vital elements: (1) that he has been deprived of a right 'secured by the Constitution and the laws' of the United States; and (2) that the persons depriving him of this right acted 'under color of any statute' of the State of Texas." *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988) (quoting § 1983). However, even if Ravey demonstrated the first element under *Daniel*—that his Eighth Amendment rights were violated under a theory of deliberate indifference to serious medical needs or a serious risk of harm, as explained above—Feazell still would be entitled to summary judgment. The second element in *Daniel* requires personal involvement, and there is no summary judgment evidence proving that Feazell was personally involved in the incident at issue or was the moving force behind a policy that led to Ravey's injuries.

Ravey must offer evidence of Feazell's personal involvement either directly or as a moving force behind a policy to raise a fact issue on the second element of a § 1983 claim. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *Creekmore v. Att'y Gen. of Tex.*, 341 F. Supp. 2d 648, 659 (E.D. Tex. 2004) (citing *Thompson*, 709 F.2d at 382) (analyzing "personal involvement" under the second element). The evidence must demonstrate a causal connection between the alleged constitutional deprivation and Feazell's actions. *Thompson*, 709 F.2d at 382 (5th Cir. 1983). "Personal involvement is an essential element of a civil rights cause of action." *Id*. Ravey cannot establish liability under the theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Instead, to prove liability on a claim under 42 U.S.C. § 1983, he must show that Feazell 1) affirmatively participated in the acts that caused the alleged constitutional deprivation or 2) implemented an unconstitutional policy that causally resulted in his injury. *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

Ravey has not met the first, participation-related prong of the test articulated in *Mouille* (which, in turn, goes to the second element of *Daniel*). *Id*. Specifically, he did not present summary judgment evidence demonstrating that Feazell deprived him of a constitutional right as he has not shown that Feazell was personally involved in the assault—or even present at the scene. Ravey attested in his Amended Complaint that Feazell was present but failed to intervene to prevent his colleagues' excessive force and failed to secure Ravey adequate medical care. ECF No. 7 at 7. However, a mere "scintilla" of evidence will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 252.

Furthermore, Ravey did not respond to the Motion, and in such circumstances, the Court may take the moving party's summary judgment evidence as uncontroverted. *Eversley*, 843 F.2d at 173-74. The summary judgment evidence includes numerous reports written by officers who

9

were at the scene (*see, e.g.*, ECF No. 32-1 at 12, 14, 16, 18-21, 22-23), as well as a composite summary (ECF No. 32-1 at 10) and other reports/logs (ECF No. 32-1 at 35-36, 42; ECF No. 32-3). None of these reports lists Feazell as being present. Additionally, the Defendants presented summary judgment evidence of a digital video and audio recording of the incident at issue. *See* ECF No. 32-4. According to the Defendants, Feazell was not shown or heard in that recording. ECF No 32 at 10. This undisputed factual description of the participants in the use of force shown on the video directly contradicts Ravey's assertions in his Amended Complaint that Feazell was present at the scene. Under these circumstances, the Court accepts Feazell's description of the facts shown on the video recording and concludes that Feazell was not present at Ravey's cell when the events depicted in the video occurred. *Waddleton v. Rodriguez*, 750 F. App'x 248, 253-54 (5th Cir. 2018) (citing *Scott v. Harris*, 550 U.S. 372, 378-79 (2007)).

Moreover, Ravey has not met the second, policy-related prong of the standard articulated in *Mouille* (which also goes to the second prong of *Daniel*). Supervisory liability can also exist without overt personal participation in the offensive act if the supervisory official implemented a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir. 1985). To be liable under this standard, Feazell must have known that the prison system was so deficient as to expose prisoners to a substantial risk of an unconstitutional harm but nevertheless "failed to properly attempt to correct it." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Additionally, Feazell's failure must have caused Ravey's injuries. *Id.* A one-time failure of the system is not enough to suggest that the policymaker implemented an unconstitutional policy. *Id.*; *O'Quinn v. Manuel*, 773 F.2d 605, 610 (5th Cir. 1985).

When the Court asked in its Questionnaire, "Are you claiming that the alleged violation of your constitutional rights by the officers was the result of official policies or customs of the [TDCJ]?" Ravey responded in the negative. ECF No. 7 at 9. He explained that he had researched the "codes of officer's conduct in the law library" and that the officers "acted against all policy and procedure" and "broke rules in place for officers' professional standards and conduct." *Id*. Ravey has not offered any summary judgment evidence to prove that Feazell implemented a policy that caused a violation of his constitutional rights. Nor did he present any summary judgment evidence showing that the alleged excessive use of force was not a one-time failure. Thus, there is no evidence that Feazell implemented an unconstitutional policy of excessive force toward inmates that caused the alleged violation of Ravey's constitutional rights.

Finally, Feazell asserted qualified immunity in his Motion, and the burden of proof shifts to Ravey to show that Feazell violated a clearly established constitutional right. *Ratliff*, 948 F.3d at 287. Qualified immunity shields Feazell because Ravey has not established a causal connection between the alleged constitutional violation and Feazell's actions. The summary judgment evidence shows that Feazell was not present during the alleged unconstitutional act, and Ravey has not offered evidence of any policy that Feazell established that led to an unconstitutional act. Accordingly, Ravey has not offered evidence to raise a fact issue for trial on Feazell's qualified immunity defense, since Ravey has not presented summary judgment evidence that Feazell violated his constitutional rights.

**C.    Feazell is entitled to summary judgment on Ravey's claims against him in his individual capacity.**

Ravey has not presented any summary judgment evidence showing either Feazell's personal involvement with the alleged excessive force or that Feazell was the moving force behind

an unconstitutional policy. Accordingly, Feazell is entitled to summary judgment on Ravey's claims against him in his individual capacity.

## IV. CONCLUSION

Because Ravey is not entitled to monetary damages from Defendants Feazell, Schiwart, and Watson in their official capacity, Judge Lynn should **GRANT** the Motion for Partial Summary Judgment (ECF No. 32) and **DISMISS** his claims against those Defendants to the extent he seeks such relief. Ravey has not presented any summary judgment evidence to raise an issue of material fact for trial showing that Feazell either was personally involved in the alleged unconstitutional acts or implemented an unconstitutional policy. Accordingly, Judge Lynn should **GRANT** the Motion and **DISMISS** Ravey's claims against Feazell in his individual capacity.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on March 13, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE